# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 14-80611-CIV-DIMITROULEAS/SNOW

ADAM BECK, AMIRA BECK,
FAIR HOUSING CENTER OF
THE GREATER PALM BEACHES, INC.

       Plaintiffs,

v.

ROYALE HARBOUR OF NORTH PALM
BEACH CONDOMINIUM ASSOCIATION,
INC., DARRYL HURWITZ, MIAMI
MANAGEMENT, INC., M.M.I. OF THE
PALM BEACHES, INC., DEE DEE BARRY.

       Defendants
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

THIS CAUSE is before the Court upon Defendants, M.M.I. of the Palm Beaches, Inc.,

Miami Management, Inc., and Dee Dee Barry's Motion to Dismiss Plaintiffs' Amended

Complaint (the "Motion") [DE 19], filed herein on July 7, 2014. The Court has carefully

considered the Motion [DE 19], the Response [DE 21] and the Reply [DE 22]. The Court is

otherwise fully advised in the premises.

## I.      BACKGROUND[1]

The plaintiffs to this action are Adam Beck, Amira Beck (together with Adam Beck, the

"Becks"), and Fair Housing Center of the Greater Palm Beaches, Inc. (the "Center" and together

with the Becks, "Plaintiffs"). The defendants are Royale Harbour of North Palm Beach

Condominium Association, Inc. (the "Association"), Darryl Hurwitz ("Hurwitz"), Luanne

---

[1] The background facts are taken exclusively from the Amended Complaint [DE 10].

Tolson ("Tolson"), Miami Management, Inc. ("MMI"), M.M.I. of the Palm Beaches, Inc. ("MMI Palm Beaches"), and Dee Dee Barry ("Barry" and together with the Association, Hurwitz, Tolson, MMI, and MMI Palm Beaches, "Defendants").  This action arises under Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. § 3601, *et seq*. (the "Fair Housing Act").  [DE 10 ¶ 1].

Since February 1, 2008, the Becks have lived at 390 Golfview Road, Unit "H", North Palm Beach, Florida 33408 (the "Property").  [*Id.* ¶ 9].  Jordan and Toby Steinberg (the "Steinbergs") own the Property, which they have leased to the Becks.  [*Id.* ¶ 58]

The Property is a townhouse within the Royale Harbour of North Palm Beach Condominiums ("Royale Harbour").  [*Id.*].  The Association adopts and enforces by-laws and other rules for all Royale Harbour units, including the Property.  [*Id.* ¶ 15].

Hurwitz is the President and Chief Executive Officer of the Association.  [*Id.* ¶ 22]. Tolson is the Director and/or Secretary of the Association.  [*Id.* ¶ 27].

MMI owns MMI Palm Beaches, which, in turn, is the Association's management company for Royale Harbour.  [*Id.* ¶¶ 31, 33-35].  Barry works for MMI and acts as the Community Association Manager for the Association.  [*Id.* ¶ 40].

In August 2013, the Becks gave birth to a set of twins, bringing their total family size to five (5) people (i.e., the Becks and their three (3) children).  [*Id.* ¶ 61].  On or around mid-November 2013, the Becks requested approval for a twelve-month lease extension, and the Steinbergs—who were willing to continue renting to the Becks—relayed that request to the Association for approval.  [*Id.* ¶ 62].  On or around December 3, 2013, the Association denied that request because the Becks' family size of five (5) violated an association rule for the Property.  [*Id.* ¶ 63].  Specifically, the Association's Rules and Regulations and Declaration of

Condominiums for Royale Harbour state that "[n]o townhouse shall at any time be permanently occupied by more than four (4) persons." [*Id.* ¶¶ 50-51]. Nevertheless, the Association agreed to allow an extension of the Beck's lease for three (3) to six (6) months to allow time for the Becks to find new accommodations. [*Id.* ¶ 66]. Each Defendant allegedly played some role in the Association's decision and/or communication of that decision to the Becks and Steinbergs.

Based on this conduct, Plaintiffs initiated this action, asserting a single count for violation of the Fair Housing Act. *See* [DE 1 ¶¶ 95-96]. Plaintiffs essentially allege that Defendants discriminated against the Becks based on the Becks' familial status. Through the Motion [DE 19], Defendants MMI, MMI Palm Beaches, and Barry (the "Moving Defendants") seek dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules").

## II.   STANDARD OF REVIEW

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556

U.S. at 663.  "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement."  *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).  "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth."  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).  In sum, "[t]he plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability."  *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

### III.   DISCUSSION

Each of the Moving Defendants asserts an independent argument for dismissal.  The Court will consider each argument in turn.

### A.   Whether Plaintiffs Have Stated a Claim as to MMI

MMI asserts that its status as parent of MMI Palm Beaches is an insufficient basis for any imposition of liability.  Specifically, MMI contends that a parent corporation cannot be held liable for the acts of its subsidiary.

In response, Plaintiffs maintain that they have alleged sufficient facts to impute liability from MMI Palm Beaches to MMI through the alter ego doctrine.  According to Plaintiffs, the alter ego doctrine requires a fact-intensive inquiry, and the current allegations, if taken as true, create a plausible inference that MMI and MMI Palm Beaches have an alter ego relationship.

The Court finds that Plaintiffs have failed to allege facts that, if true, establish an alter ego relationship between MMI and MMI Palm Beaches.  "'It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of

its subsidiaries.'"  *Clark v. Ashland, Inc*., No. 2:13–cv–794–FtM–29DNF, 2014 WL 2199643, at

*3 (M.D. Fla. May 27, 2014) (quoting *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)).  Thus,

a parent can be held liability for its subsidiary's conduct only if the corporate veil can be pierced.

*Id.* (citing *Atlanta Gas Light Co. v. UGI Utilities, Inc*., 463 F.3d 1201, 1204 (11th Cir. 2006)).

Establishing an alter ego relationship between a subsidiary and its parent can be a means of

piercing the corporate veil.  *See In re Managed Care Litig.,* 298 F. Supp. 2d 1259, 1308-09 (S.D.

Fla. 2003).  The Eleventh Circuit has considered the following twelve factors in determining

whether a subsidiary is an alter ego of a parent:

> (1) the parent and the subsidiary have common stock ownership; (2) the parent
> and the subsidiary have common directors or officers; (3) the parent and the
> subsidiary have common business departments; (4) the parent and the subsidiary
> file consolidated financial statements and tax returns; (5) the parent finances the
> subsidiary; (6) the parent caused the incorporation of the subsidiary; (7) the
> subsidiary operates with grossly inadequate capital; (8) the parent pays the
> salaries and other expenses of the subsidiary; (9) the subsidiary receives no
> business except that given to it by the parent; (10) the parent uses the subsidiary's
> property as its own; (11) the daily operations of the two corporations are not kept
> separate; and (12) the subsidiary does not observe the basic corporate formalities,
> such as keeping separate books and records and holding shareholder and board
> meetings.

*Lobegeiger v. Celebrity Cruises, Inc.*, 869 F. Supp. 2d 1350, 1354-55 (S.D. Fla. 2012) (quoting

*United Steelworkers of Am., AFL–CIO–CLC v. Connors Steel Co*., 855 F.2d 1499, 1505 (11th

Cir. 1988)).

Relying on those factors, Plaintiffs suggest that MMI and MMI Palm Beaches share

officers, that MMI caused MMI Palm Beaches to be incorporated, and that MMI Palm Beaches

is a division of MMI.  Those vague facts, if true, are insufficient to establish that the two entities

are alter egos that should be treated interchangeably for the purposes of liability.  Indeed, most

parent and subsidiary relationships, by necessity, would reflect some of the twelve factors at a

general level.  If the sparse, general connections identified by Plaintiffs were sufficient to impose

alter ego liability, then the legal separation between parents and subsidiaries would become illusory.  There must be more significant ties as to financing, operations, corporate formalities, and/or the other relevant factors.  Accordingly, Plaintiffs have failed to state any claim as to MMI.

**B.**      **Whether Plaintiffs Have Stated a Claim as to Barry**

Barry asserts that Plaintiffs have failed to allege facts showing that she contributed to any Fair Housing Act violation.  Barry notes that, pursuant to the allegations, her only conduct was the drafting of two letters to the Steinbergs—the owners of the Property—regarding the Association's decision to deny the Becks' lease based on occupancy limits.  Barry maintains that she had no participation in the decision-making process and that she cannot be liable solely for drafting the letters that communicated the Association's decision.

The Court finds that Plaintiffs have stated a claim against Barry.  "Whether an individual agent can be held liable depends upon whether he personally committed or contributed to a Fair Housing Act violation."  *Falin v. Condominium Ass'n of La Mer Estates, Inc*., No. 11–61903–CV, 2011 WL 5508654, at *3 (S.D. Fla. Nov. 9, 2011).  Under 42 U.S.C. § 3604(c), it is unlawful to "[t]o . . . cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on . . . familial status or [indicates] an intention to make any such preference, limitation, or discrimination."

Plaintiffs allege that Barry drafted two letters to the Steinbergs stating that the Becks could not live in the Property because of the Becks' household size.  *See* [DE 10 ¶¶ 65-69].  Those allegations establish a plausible claim that Barry committed or contributed to a violation of the Fair Housing Act's prohibition of statements of rental limitations based on familial status.

As the action progresses, Plaintiffs may fail to prove any liability on Barry's part.  Nevertheless, at this stage, the allegations are sufficient, and the Court will not dismiss the claim as to Barry.

**C.**      **Whether Plaintiffs Have Stated a Claim as to MMI Palm Beaches**

MMI Palm Beaches asserts that Plaintiffs have failed to allege any facts giving rise to liability.  Specifically, Plaintiffs premise MMI Palm Beaches's liability on a theory of vicarious liability based on Barry's conduct.  MMI Palm Beaches contends that Barry has not committed any violations of the Fair Housing Act and, therefore, that Plaintiffs' theory of vicarious liability cannot succeed.

This argument fails.  As stated, *supra*, Plaintiffs have adequately stated a cause of action as to Barry.  Accordingly, Plaintiffs' theory of vicarious liability as to MMI Palm Beaches remains viable.  The Court will not dismiss this action as to MMI Palm Beaches.

## IV.      CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Motion [DE 19] is **GRANTED IN PART AND DENIED IN PART**; and

2.      This case is hereby **DISMISSED WITHOUT PREJUDICE** as to Miami
         Management, Inc. only;

3.      The case remains as to all other Defendants; and

4.      Plaintiff may file a second amended complaint on or before September 17, 2014.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 3rd day of September, 2014.

WILLIAM P. DIMITROULEAS
United States District Judge

7

Copies provided to:

Counsel of record